**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MICHELLE WILLARD and
GLENN WILLARD**                                                                                      **PLAINTIFFS**

**VERSUS**                                                         **CIVIL ACTION NO.  1:07cv17-JMR**

**O'REILLY AUTOMOTIVE, INC.**                                                              **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court on Defendant's Motion [9-1] to Dismiss and Defendant's Motion [17-1] to Dismiss Plaintiffs' Intentional Infliction of Emotional Distress Claim.  Plaintiffs filed a Memorandum [13-1] in Opposition to Defendant's Motion [9-1] to Dismiss, but failed to respond to Defendant's Motion [17-1] to Dismiss Plaintiffs' Intentional Infliction of Emotional Distress Claim.  Upon consideration of  Defendant's Motion [9-1] and Memorandum [10-1] in Support thereof, and upon review of the Plaintiffs' Memorandum [13-1] in Opposition, this Court finds that Defendant's Motion [9-1] to Dismiss is well taken and should be granted.  The Court further finds that Defendant's Motion [17-1] to Dismiss, which is unopposed, should also be granted.

**STATEMENT OF THE CASE**

On January 10, 2007, Plaintiffs Michelle Willard and Glenn Willard, a married couple, filed their Complaint [1-1] against Defendant.  Michelle Willard asserts that she was sexually harassed and discriminated against on the basis of her gender by the Defendant in violation of Title VII. *See* Complaint.  Glenn Willard claims that he "is entitled to recover damages for loss of consortium" occasioned by his wife's inability to "maintain a healthy sexual relationship with" him because of the "severe and debilitating psychological injuries" she suffered as a result of the alleged employment discrimination. *See* Complaint*.* at ¶ 25.

Plaintiff Michelle Willard was an employee of Defendant for approximately one (1) year at its location in Biloxi, Mississippi. In February 2005, an employee of Defendant allegedly began what Plaintiff claims would become eight (8) months of continuous sexual harassment. This alleged harassment included inappropriate touching of Plaintiff's breast and buttocks, and unwelcome sexual comments and innuendo. In April 2005, Plaintiff claims to have reported the harassment to Hudson Parsons, a representative in Defendant's Human Resources Department. Plaintiff claims that Defendant took no action to punish the harassing employee, nor did Defendant seek to mitigate the circumstances by relocating Plaintiff and or the harassing employee.

Plaintiff claims that the abusive situation remained and the Defendant's employee continued to harass Plaintiff, resulting in a hostile work environment. Plaintiff also claims that the Defendant's harassing employee also made inappropriate comments to other employees of O'Reilly Automotive, Inc. In October 2005, Plaintiff resigned her position at O'Reilly Automotive, Inc.

## STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir. 1996). The Court may not look beyond the pleadings in ruling on the motion. *Baker*, 75 F.3d at 196. Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran*, Inc., 197 F.3d 161, 164 (5th Cir. 1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 164 (quoting *Conerly v. Gibson*, 355

U.S. 41, 45-46 (1957)). However, the Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

## ANALYSIS

In its Motion [9-1] to Dismiss, Defendant argues that Plaintiff Glenn Willard fails to state a claim upon which relief can be granted because a loss of consortium claim cannot derive from Plaintiff Michelle Willard's Title VII claim. In *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986), the Fifth Circuit held that a party who asserts a claim for deprivation of his/her civil rights must have personally had such rights violated. Thus, a person cannot recover on a claim which is dependent or derivative of another person's civil rights violation claim. *Id.*, 780 F.2d at 1160-61. Defendant submits, and the Court agrees, that because Title VII is a civil rights statute, it affords relief only to the individual actually complaining of employment discrimination, not to his/her family members affected by the alleged Title VII violation.[1] Thus, Plaintiff Glenn Willard's loss of

---

[1] Defendant cites to numerous authorities in support of its argument. *See Edsall v. Assumption Coll.*, 367 F. Supp. 2d 72, 85 (D. Mass. 2005) (injured party's spouse cannot assert loss of consortium under 42 U.S.C. Section 1981 or Title VII)). *Accord Doe v. R.R. Donnelley & Sons Co.*, 843 F. Supp. 1278, 1284 (S.D. Ind. 1994), *aff'd,* 42 F.3d 439 (7th Cir. 1994) (holding that Title VII does not recognize a claim for loss of consortium); *Pellerin-Mayfield v. Goodwill Indus.*, 2003 WL 22174279 *1, *6-7 (E.D. La., Feb. 12, 2003) ("Title VII protects employees from employment discrimination and provides a cause of action to the employee only. Title VII does not grant derivative claims to the family of the employee who has suffered the employment discrimination.") (citing *Poree v. Lakewind E. Apartments,* 1994 WL 705430 *1, *1 (E.D. La., Dec. 15, 1994); *Reed v. Chemlink,* 1991 WL 161475 *1, *6 (E.D. La., Aug. 8, 1991); *Franz v. Kernan,* 951 F.Supp. 159, 162 (E.D. Mo. 1996) ("Claims brought under Title VII and the Missouri Human Rights Act do not constitute an "underlying tort" from which a loss of consortium claim may be derived.")); *Godby v. Electrolux Corp.,* 1994 WL 470220 *1, * 2 (N.D. Ga., May 25, 1994) (denying loss of consortium damages where primary claim based on Title VII); *Vargus v. Matthew Donut, Inc.,* 1994 WL 259802 *1, *2 (D. N.H., Apr. 4, 1994) ("[T]he court finds no authority to support the proposition that the spouse of Title VII plaintiff is entitled to seek damages for a loss of consortium under section 1981a."). *See also Niehus v. Liberio,* 973 F.2d 526, 533 (7th Cir. 1992) ("The right to a husband's assistance in raking leaves is not a liberty protected by the Fourteenth Amendment."); *Cook v. Waters,* 1996 WL 685842 *1, *1 (M.D. Fla., Nov. 13, 1996) ("Specifically, loss of consortium claims have been held not to be derivative of an ADA claim or a Title VII claim.") (citing, in part, *Miller v. CBC Companies,*

consortium claim is not derivative of Plaintiff Michelle Willard's Title VII claim.  In their Brief [13-1] in Opposition, Plaintiffs agree with Defendant's that an individual may not assert a loss of consortium claim based upon another's Title VII claim. *See* Brief p. 3.  However, on March 29, 2007, Plaintiffs filed an amended complaint which made a state law claim of intentional infliction of emotional distress.  Citing *Choctaw Inc. V. Wichner*, 521 So.2d 878, 882 (Miss. 1988), Plaintiffs argue that this state law claim will allow Glenn Willard to assert a derivative loss of consortium claim.

In its Motion [17-1] to Dismiss Plaintiffs' Intentional Infliction of Emotional Distress Claim, Defendants argue that Plaintiff Michelle Willard's claim fails to state a claim upon which relief can be granted because it is barred by the one-year statute of limitations.  The Court notes that Plaintiffs failed to respond to Defendant's Motion [17-1] to Dismiss Plaintiffs' Intentional Infliction of Emotional Distress Claim.  Though not specifically enumerated therein, an intentional infliction of emotional distress claim is subject to the one-year limitation period set forth in Mississippi Code Section 15-1-35, which states:

> All actions for assault, assault and battery, maiming, false imprisonment,

---

*Inc.,* 908 F. Supp. 1054, 1069 (D. N.H. 1995) (granting motion to dismiss consortium claims to the extent they derived from ADA and Title VII claims); *Mohamed v. Marriot Int'l, Inc.,* 905 F. Supp 141, 159 (S.D.N.Y. 1995) (granting motion to dismiss consortium claim because it could not attach to an ADA claim)); *Brown v. Youth Svcs. Int'l,* 904 F. Supp. 469, 470 (D. Md. 1995) (noting that "the federal courts almost unanimously have dismissed loss of consortium claims based upon federal civil rights violations"); *Tauriac v. Polaroid Corporation,* 716 F.Supp. 672, 675 (D. Mass. 1989) ("The spouse of an alleged federalcivil rights victim is not permitted an ancillary cause of action for loss of consortium."); *Danas v. Chapman Ford Sales,* 120 F. Supp. 2d 478, 489 (E.D. Pa. 2000) ("No authority suggests that civil rights violations can support loss of consortium claims."); *Cross v. City of Chattanooga,* 2005 WL 2456977 *1, *11 (E.D. Tenn., Oct. 3, 2005) ("The law seems clear that one person may not sue, nor recover damages, for the deprivation of another person's civil rights.") (citing, in part*, Jenkins v. Carruth,* 583 F.Supp. 613, 616 (E.D. Tenn. 1982)); *Robinson v. City of Memphis,* 340 F. Supp. 2d 864, 872 (W.D. Tenn. 2004) ("Section 1983 claims are personal to the individual claiming injury (i.e., the decedent in this case) and are not derivative.").

malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.[2]

Michelle Willard claims that in February 2005, Defendant's employee "began what would become eight (8) months of continuous sexual harassment." Amended Complaint at ¶ 6. She further notes that she resigned her position with Defendant in October 2005 because of the alleged sexual harassment. *Id.* at ¶ 10.  Under Mississippi law, for her intentional infliction of emotional distress claim to be timely, she had to file her lawsuit by October 2006, which she failed to do. Plaintiff Michelle Willard's lawsuit was not filed until January 10, 2007.  Accordingly, her intentional infliction of emotional distress claim is time-barred and should be dismissed.

## CONCLUSION

Based on the forgoing analysis, this Court finds that Defendant's Motions [9-1] and [17-1] to Dismiss are well taken and should be granted.  The Court finds that a loss of consortium claim, which is a derivative claim under Mississippi law, cannot be asserted in conjunction with a Title VII claim.  The Court further finds that Plaintiff Michelle Willard's claim for intentional infliction of emotional distress is time barred pursuant to Mississippi Code Section 15-1-35.  Thus, Plaintiff Glenn Willard's loss of consortium claim should be dismissed.

---

[2] Defendant also cites *City of Mound Bayou v. Johnson,* 562 So. 2d 1212, 1217-18 (Miss. 1990) (noting that Section 15-1-35 applies to all intentional torts similar to those torts outlined in Section 15-1-35); *Jones v. B.L. Dev. Corp.*, 940 So. 2d 961, 965 (Miss. Ct. App. 2006) ("We follow our prior decision . . .and will apply the one-year statute of limitations to claims for intentional infliction of emotional distress."); *Slaydon v. Hansford,* 830 So. 2d 686, 688 (Miss. Ct. App. 2002) ("The statute of limitations for intentional infliction of emotional distress is also one year."); *Air Comfort Sys.,Inc. v. Honeywell, Inc.,* 760 So. 2d 43, 47 (Miss. Ct. App. 2000) ("If the claim is seen as intentional and not negligent infliction of emotional distress, a one-year statute of limitations applies.").

This the  25th  day of September, 2007

                                                              s/John M.. Roper
                                      CHIEF UNITED STATES MAGISTRATE JUDGE